PAULA FARETRA[1] *vs.* COMMISSIONER OF PUBLIC WELFARE. February 28, 1991. *Aid to Families with Dependent Children. Public Welfare*, Sufficiency of claim for relief.

Paula Faretra appealed (G. L. c. 30A, § 14 [1988 ed.]) successfully to the Superior Court from a decision of the defendant (department) that had denied general relief (GR) assistance to her and her four youngest minor children. Because it would be to her financial benefit, in the special circumstances applicable to her and her five minor children, Faretra refused to provide to the department the documentation that would have enabled it to calculate her family's eligibility for Aid to Families with Dependent Children (AFDC). Faretra and her oldest child, Jennifer, receive Social Security benefits as the survivors of Thomas J. Faretra, Jr. Prior to January, 1988, Faretra and her other four children, half-siblings of Jennifer, received AFDC benefits. On January 1, 1988, department rules implementing a new Federal law required that Jennifer be included in the AFDC family unit and that, in calculating AFDC, Jennifer's Social Security benefits be treated as income of the entire family. If Faretra had not declined to provide the documentation concerning Jennifer which the department needed, Faretra and her five children would have been eligible for AFDC benefits, but at a level reduced by more than 20%.

The department stopped Faretra's public assistance because of her refusal to provide necessary verifications. She then applied for assistance under the GR program for herself and her four children (excluding Jennifer). If granted, GR assistance would have exceeded the reduced AFDC benefit level. The department rejected both her application for GR and her challenge to the termination of her AFDC benefits. After a hearing, a referee of the department affirmed those determinations. (Faretra has been receiving AFDC benefits, subject to her protest, while this matter has been litigated).

The department decided that Faretra was not entitled to GR because under 106 Code of Mass. Reg. § 312.160 (1988) (§ 312.160) "the deliberate and unreasonable failure of a person to establish eligibility" for AFDC bars a right to GR (assuming the person is otherwise eligible for AFDC). A Superior Court judge reversed the department's decision and ordered

---

[1] On behalf of herself and her minor children.

that Faretra receive GR assistance. He concluded that Faretra did not unreasonably fail to establish her eligibility for AFDC. He agreed with the department that Faretra was unreasonable in relying on her belief that she was obligated to use Jennifer's Social Security funds only for Jennifer. He concluded, contrary to the department, however, that Faretra was reasonable in declining to furnish the information and thereby maximizing her potential financial assistance. We transferred the department's appeal here. We reverse.

A person who is eligible for assistance under G. L. c. 118 [AFDC] is not eligible for assistance under the GR provisions of G. L. c. 117. G. L. c. 117, § 4 (1988 ed.). It is agreed that Faretra and her children were eligible for AFDC (but for her non-disclosure of information about Jennifer). That fact alone would appear to foreclose Faretra's claim for GR benefits. Perhaps, however, § 312.160 softens the rigid rule set forth in § 4 (and, we shall assume, as so read is lawful in spite of the mandate of § 4). For example, under § 312.160, the failure of a person to cooperate in establishing AFDC eligibility for reasons beyond her control would not bar her right to GR.

Section 312.160 states that, "[w]here a person might be eligible for another program, he or she must make a good-faith effort to comply with the other program's requirements for establishing eligibility." Admittedly Faretra did not satisfy this obligation. That omission alone appears to bar Faretra's claim.

Nevertheless, we discuss language that was the focus of the department's decision. Section 312.160 says that "the deliberate and unreasonable failure of a person [who could do so] to establish [AFDC] eligibility . . . is grounds for denial of GR benefits." It is conceded that Faretra's failure to furnish AFDC information was deliberate. In the context of an obligation under § 312.160 to make a good-faith effort to comply with the requirements of the AFDC program, Faretra's failure could not have been reasonable, as a matter of law. To rule otherwise, moreover, would violate the mandate of § 4. Faretra had no right to select among public assistance programs, electing the one that was "most reasonable" in her view. Where a person has in her possession and control information that by law must be submitted, and where she refuses to do so simply because, quite rationally, she does not wish to suffer the legislatively mandated consequences, that behavior is unreasonable within the meaning of the word in § 312.160.

The judgment is reversed, and a judgment shall be entered affirming the decision of the department.

*So ordered.*

*Donna L. Palermino*, Assistant Attorney General, for the Commissioner of Public Welfare.

*Susan M. Motika* (*Lynn A. Girton* with her) for the plaintiff.